# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILL McCONNELL,** | : CIVIL ACTION NO. 4:11-CV-0969 |
| **Plaintiff,** | : (Judge Conner) |
| v. | : |
| **JACK SAPIA,** | : |
| **Defendant** | : |

## ORDER

AND NOW, this 19th day of January, 2012, upon consideration of the motion to dismiss (Doc. 9) filed by defendant Jack Sapia ("Sapia"), pursuant to Federal Rule of Civil Procedure 12(b)(1), wherein Sapia asserts that plaintiff Will McConnell ("McConnell") lacks standing to bring the instant litigation alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, and requesting injunctive relief (see Doc. 1), because McConnell fails to establish an injury in fact, (Doc. 10, at 4), and it appearing that to have standing a plaintiff must demonstrate: (1) "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical,'" (2) "a causal connection between the injury and the conduct complained of" and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted), and the court finding that "some day" intentions will not support a finding of actual or imminent injury, id. at 564, and the court noting that McConnell's complaint states

merely that he "plans to return" to Sapia's property in the future, but fails to indicate or even speculate when he will return (Doc. 1 ¶ 5), and the court concluding that McConnell's averments are insufficient to establish an injury in fact and, therefore, he lacks standing to pursue his claims,[1] it is hereby ORDERED that:

1. The motion to dismiss (Doc. 9) for lack of subject matter jurisdiction is GRANTED.

2. Within fourteen (14) days of the date of this order, plaintiff Will McConnell may file an amended complaint to adequately address the jurisdictional defects raised by the motion to dismiss.

3. Failure to comply with the preceding paragraph shall result in the closure of the above-captioned case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The court notes that McConnell attached an affidavit to his brief in opposition to the motion to dismiss explaining in greater detail the frequency of his visits to the area where Sapia's property is located. (See Doc. 17, Ex. A). At the motion to dismiss stage, however, the court may only consider the allegations in the complaint and documents referenced in the motion or attached thereto. See Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Therefore, the court may not consider the affidavit at this stage.